The undersigned have reviewed the prior Opinion and Award based upon the record of the proceedings before the deputy commissioner. The appealing party has not shown good ground to reconsider the evidence; rehear the parties or their representatives; or receive further evidence except the permanent partial impairment rating from Dr. Yates as Ordered by the deputy commissioner and evidence of plaintiff's average weekly wage. The Full Commission reopens the record for receipt of this evidence and amends the Opinion and Award based upon the additional evidence. Therefore, the Full Commission AFFIRMS and ADOPTS the Opinion and Award of the deputy commissioner except as amended to include consideration of additional evidence.
* * * * * * * * * * * *
The Full Commission finds as facts and concludes as matters of law the following, which were agreed upon by the parties at the hearing before the deputy commissioner as
STIPULATIONS
The parties agreed to a number of jurisdictional and other factual matters in a Pre-Trial Agreement which is incorporated by reference as if fully set out herein.
The package of medical records pertaining to the plaintiff that was submitted as a part of the Pre-Trial Agreement is stipulated into evidence.
After the record was reopened by the Full Commission, the parties stipulated as follows:
 a) Plaintiff has been assigned a permanent partial impairment rating of 15% to the right shoulder. (Exhibit p. 65).
 b) Plaintiff's average weekly wage may be computed based upon wage information submitted on Exhibit pp. 66-67.
The Full Commission adopts the findings of fact of the deputy commissioner and makes additional findings as follows:
FINDINGS OF FACT
1. Plaintiff is a seventy-six year old married female who did not have a history of problems with her right shoulder prior to July 17, 1992.
2. She was employed by defendant for twelve years. During her employment plaintiff worked in a number of different capacities including in the stock room and as a cashier. Plaintiff was a greeter when injured.
3. While at lunch in the premises lunch room on July 17, 1992 plaintiff slipped on some mayonnaise on the floor and fell on her right side landing on her buttocks and right arm. The fall aggravated pre-existing osteoarthritis in her low back resulting in a low back injury which was manifested by low back, right hip and leg pain. The fall also caused a torn rotator cuff in her right shoulder manifested by right arm and shoulder pain and weakness ultimately requiring her to undergo corrective shoulder surgery.
4. Despite the injuries, plaintiff was able to continue regularly working for defendant as a greeter until she was terminated from her employment on December 10, 1992 for reasons unrelated to those injuries. Plaintiff is not making a claim for temporary total disability benefits; but rather only for her resulting permanent partial disability and her medical expenses.
5. Plaintiff had initially sought medical treatment for her injuries approximately two weeks after the fall from her family physician, Dr. Sink, who saw her on August 4, 1992 and provided medication for her low back, right hip and leg complaints.
6. Ultimately because of continuing problems with right arm and shoulder pain and weakness resulting in her having difficulty using the affected extremity above shoulder level to perform such activities as combing her hair and brushing her teeth, plaintiff returned to Dr. Sink in May of 1994 and he subsequently referred her to an orthopedic surgeon, Dr. Mark G. Yates.
7. Dr. Yates initially injected the affected shoulder providing temporary relief of her pain. After an arthrogram which confirmed the existence of the torn rotator cuff sustained when she fell on July 17, 1992, Dr. Yates performed corrective surgery repairing the torn rotator cuff in June 1994.
8. By August 16, 1994 plaintiff had reached maximum medical improvement and/or the end of the healing period from and following her right shoulder injury and the corrective surgery necessitated thereby, and Dr. Yates released her from his care to continue a home exercise program designed to strengthen the musculature of the affected extremity. Although with corrective surgery plaintiff's condition improved, she has not regained full use of her arm and shoulder and will retain some degree of permanent partial disability from the involved right shoulder injury.
9. On September 8, 1995, Dr. Yates rated plaintiff with a 15% permanent partial impairment to her right shoulder.
10. Plaintiff's average weekly wage was $281.06, which yields a compensation rate of $187.38.
* * * * * * * * * * *
Based upon the foregoing stipulations and findings of fact, the Full Commission makes the following
CONCLUSIONS OF LAW
1. On July 17, 1992 plaintiff sustained an injury by accident arising out of and in the course of her employment and as a result of the same injury sustained a torn right rotator cuff ultimately requiring her to undergo corrective shoulder surgery in June of 1994 and resulting in a 15% permanent partial impairment of the right shoulder. N.C. Gen. Stat. § 97-2(6).
2. Plaintiff is entitled to payment by defendant of all medical expenses incurred or to be incurred as a result of her compensable injury, for so long as such medical treatments, examinations and evaluations are reasonably required to effect a cure, provide relief and/or would tend to lessen her disability. N.C. Gen. Stat. § 97-25.
3. Plaintiff is entitled to payment by defendant of $187.38 per week for 36 weeks for the 15% permanent partial impairment to her right shoulder. N.C. Gen. Stat. § 97-(13).
* * * * * * * * * * *
Based upon the foregoing stipulations, findings of fact and conclusions of law, the Full Commission enters the following
AWARD
1. Defendant shall pay permanent partial disability compensation to plaintiff at the rate of $187.38 per week for 36 weeks for the 15% permanent partial impairment to her right shoulder. This compensation has accrued and shall be paid to plaintiff in a lump sum, uncommuted, subject to the attorney's fee hereinafter approved.
2. Defendant shall pay all medical expenses incurred or to be incurred by plaintiff as a result of her injury by accident when bills for same have been submitted and approved through procedures adopted by the Industrial Commission.
3. An attorney's fee in the amount of twenty-five percent (25%) of the award to plaintiff herein is hereby approved for plaintiff's counsel. Said amount shall be deducted from said award and paid directly to plaintiff's counsel.
2. Defendant shall bear the costs, including as part thereof expert witness fees in the amount of $125.00 to Dr. Yates and $100.00 to Dr. Sink.
 S/ _______________________ BERNADINE S. BALLANCE COMMISSIONER
CONCURRING:
S/ _________________________ LAURA K. MAVRETIC COMMISSIONER
S/ _________________________ J. RANDOLPH WARD COMMISSIONER
BSB:be